HERBERT GATES, complainant-respondent,

*v.*

ERNEST H. WILLIAMS, individually and as attorney in fact for Daphne Williams, defendant-appellant.

[Argued February 2d, 1927.    Decided May 16th, 1927.]

1. An alleged contract made in writing by a husband claiming to act as attorney in fact for his wife for the sale of her real estate, will not be enforced against her or her estate where there is no proof that the wife ever appointed her husband her attorney in fact, or ever, either in writing or by parol, authorized him to make such contract, since the fifth section of the statute of frauds and perjuries (*Comp. Stat. p. 2612*), in effect, provides that to render such a contract valid it must appear that it was executed either by the owner or by a duly authorized agent.

2. A person who is incompetent to manage her affairs by reason of insanity is incapable of appointing an attorney in fact to act for her in making a contract for the sale of her real estate, and an alleged contract made by one claiming to act as attorney in fact for such an insane owner of real estate, which shows upon its face by the recitals therein that such owner was incompetent to manage her affairs, will not be enforced against her or her estate.

3. On application of a husband, claiming to act as guardian of his wife, a lunatic, the court of chancery made an order directing him to sell her lands upon such terms as to credit and security as such guardian should deem safe and most expedient for the interest of such lunatic, and report to the chancellor for confirmation any proposed sale before making a deed. *Held*—(1) that such order, in

effect, limited the guardian's right to sell the property for the benefit of the lunatic and for the best price that could be obtained. *Held*— (2) that the guardian, having failed to sell or to contract to sell, or to in any wise comply with such order, will not be decreed against his will to make a deed in performance of an alleged contract for the sale of such lands, made several years before by the husband then claiming to act as attorney in fact for such lunatic, in the absence of any inquiry by the court of chancery into the value of the property for the purpose of determining the propriety of making the sale for the price specified in such contract.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry.

*Messrs. Geran & Matlack* and *Mr. George S. Silzer,* for the appellant.

*Messrs. Durand, Ivins & Carton* (*Mr. James D. Carton,* of counsel), for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is a vendee's bill for specific performance of a contract for the sale of real estate.

The contract was made October 18th, 1921. It was in writing. Therein "Ernest H. Williams, individually and as attorney in fact for Daphne Williams, his wife" (party of the first part), agreed to sell to Herbert Gates (party of the second part) for $87,500 certain real estate located in the city of Asbury Park, and owned by Mrs. Williams, the deed therefor to be delivered on January 18th, 1922.

The contract, after reciting that Mrs. Williams was incompetent to execute a deed, provided that the party of the first part "shall take such proceedings as may be necessary to make a good and marketable title and conveyance for said property."

This bill was filed by Gates, the vendee, on December 17th, 1923, and seeks to enforce that contract. Upon the hearing the vice-chancellor advised a decree for specific performance.

Our examination of the pleadings and proofs results in the conclusion that such decree cannot be sustained.

Leaving out of view for the moment that clause of the contract providing for "such proceedings as may be necessary to make a good and marketable title and conveyance for said property," it is quite clear that the contract in and of itself was not binding on the wife (the owner of the property) or her estate, and for these reasons:

In the first place, there was no proof that the wife ever appointed her husband her attorney in fact, or ever, either in writing or by parol, authorized him to make the alleged contract, and, therefore, even if she had been sane when the contract was made, it would have been invalid and unenforceable against her or her estate, since the fifth section of the fraud and perjuries statute (*Comp. Stat. p. 2612*), in effect, provides that to render such a contract valid, it must appear that it was executed either by the owner or by a duly-authorized agent. *Force* v. *Dutcher, 18 N. J. Eq. 401; Doughaday* v. *Crowell, 11 N. J. Eq. 201,* and cases cited in *2 C. J. 459.*

In the second place, at the time of the execution of the contract, the wife was insane and not competent to manage her affairs. Being incompetent to manage her affairs by reason of insanity, she was incapable of appointing an attorney in fact to act for her in making a contract for the sale of her real estate, and hence the alleged contract made by her husband, claiming to act as her attorney in fact, which showed on its face by the recital therein that the wife was incompetent to manage her affairs, will not be enforced against the wife or her estate. *Perrine's Case, 41 N. J. Eq. 409; Matthiessen & Weicher's Refining Co.* v. *McMahon's Admr., 38 N. J. Law 536.* See, also, cases cited in *32 C. J. 741.*

No doubt the learned vice-chancellor was entirely familiar with these principles. It seems likely that he considered that he was not justified in applying them because of the state of the pleadings and the attitude of the parties. The question whether or not that was technically so, seems unnecessary now to determine for reasons which we will presently state.

In his conclusions the vice-chancellor said that there was only one question involved and that was whether or not the

contract of sale was rescinded by the complainant. He found that it was not rescinded, and relying on an order of the court of chancery for the sale of the property (hereinafter to be set out), he advised the decree now under review directing that the contract be "specifically performed by the said defendant, and that the said defendant, Ernest H. Williams, individually and as guardian of Daphne Williams, his wife," execute and deliver to the complainant good and sufficient deeds of conveyance for the real estate in question for the price specified in such contract.

We are not in accord with the finding that there had been no rescission of the contract. We incline to think that the weight of the evidence is that it had been rescinded by the complainant.

But apart from that it is quite clear that the decree cannot be supported by the order for sale upon which the vice-chancellor relied.

In that connection it appeared that on April 18th, 1922, on application of Ernest H. Williams, the husband of the owner of the real estate, claiming to act as guardian of his wife, a lunatic, the court of chancery made an order directing him to sell the lands "in such way and manner and upon such terms as to credit and security as said guardian shall deem safe and most expedient for the interest of the said lunatic and in all respects conduct the same according to the provisions of the statutes in such case made and provided; and that before any deed is executed, the said sale and the terms therof shall be reported to the chancellor by the said guardian in writing and upon his oath or affirmation, to the end that the same may be passed upon by the chancellor before the sale is confirmed, and that he may make such order as he shall deem fit touching the investment of the proceeds."

If it be assumed that the purpose of obtaining such authority from the court of chancery for the husband, as guardian, to sell his wife's lands, was to enable him to execute the contract for the sale of the lands in question, that purpose failed because such order was not complied with in any respect, the guardian declining to sell or to contract to sell. That order, in effect, limited the guardian's right to sell the

property for the benefit of the lunatic and for the best price that could be obtained, and provided that any such sale should not be valid until reported to the chancellor and confirmed by him.   And there is no suggestion that the court ever inquired into the value of the property for the purpose of considering and determining the propriety of making this sale *for the price specified in the alleged contract,* although it may well be that the value of the property is now much greater than when the alleged contract was made several years ago.

The decree below will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HET-FIELD, DEAR, JJ.   10.